AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**FILED**

# UNITED STATES DISTRICT COURT
### for the
Eastern District of California

JUN 05 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

BY _____
DEPUTY CLERK

SEAN MICHAEL NICHOLS
Petitioner

v.

Case No. 1:20cv00785 JDP(HC)
(Supplied by Clerk of Court)

COLI (Warden- USP Atwater)
Respondent
(name of warden or authorized person having custody of petitioner)

**RECEIVED**
JUN 05 2020
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name: Sean Michael Nichols
    (b) Other names you have used: _____
2.  Place of confinement:
    (a) Name of institution: USP Atwater
    (b) Address: P.O. Box 019001, Atwater CA 95301

    (c) Your identification number: 13215-059
3.  Are you currently being held on orders by:
    ☑Federal authorities    ☐ State authorities    ☐ Other - explain:

4.  Are you currently:
    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
    If you are currently serving a sentence, provide:
    (a) Name and location of court that sentenced you: United States District Court, District of North Dakota (Southwestern Division)
    (b) Docket number of criminal case: 1:14-CR-102
    (c) Date of sentencing: January 26, 2015
    ☐ Being held on an immigration charge
    ☐ Other (explain): _____

### Decision or Action You Are Challenging

5.  What are you challenging in this petition:
    ☑ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

Page 2 of 9

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

❏ Pretrial detention

❏ Immigration detention

❏ Detainer

❏ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

❏ Disciplinary proceedings

❏ Other *(explain)*: _____

6.  Provide more information about the decision or action you are challenging:
    (a) Name and location of the agency or court: U.S. District Court, North Dakota, Southwestern Division
    (b) Docket number, case number, or opinion number: 1:14-CR-102
    (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:
    Execution of unconstitutional sentence, and Validity of Career Offender Enhancement and Sentence
    (d) Date of the decision or action: January 26, 2015 (Date of Sentencing)

## Your Earlier Challenges of the Decision or Action

7.  **First appeal**
    Did you appeal the decision, file a grievance, or seek an administrative remedy?
    ❏ Yes        ☑ No
    (a) If "Yes," provide:
        (1) Name of the authority, agency, or court: _____

        (2) Date of filing: _____
        (3) Docket number, case number, or opinion number: _____
        (4) Result: _____
        (5) Date of result: _____
        (6) Issues raised: _____

        _____

        _____

        _____

    (b) If you answered "No," explain why you did not appeal: The basis on which this writ is filed was unavailable during ~~challenge~~ direct appeal period.

8.  **Second appeal**
    After the first appeal, did you file a second appeal to a higher authority, agency, or court?
    ❏ Yes        ☑ No

Page 3 of 9

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: _____

_____

(2) Date of filing: _____
(3) Docket number, case number, or opinion number: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

_____
_____
_____
_____
_____

(b) If you answered "No," explain why you did not file a second appeal: During the period of my first §2255, the Career offender provision wasn't yet amended by Amendment 798 and the Ninth Circuit didn't allow challenges to enhancement via

9. **Third appeal**  the savings clause. During that time I was confined in California (E.D. Ca)

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes                    ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: _____

_____

(2) Date of filing: _____
(3) Docket number, case number, or opinion number: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

_____
_____
_____
_____

(b) If you answered "No," explain why you did not file a third appeal: _____

_____

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☑ Yes                    ☐ No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☑ Yes                    ☐ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1) Name of court:   U.S. District Court, Dist of North Dakota
(2) Case number:   Dont know
(3) Date of filing:   June 13, 2016
(4) Result:   Withdrawn by motion to dismiss
(5) Date of result:   March 26, 2017
(6) Issues raised:   Johnson v. U.S., 135 S. Ct 2551 invalidated Career Offender residual clause of § 4 B1.2

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?
☐ Yes            ☑ No

If "Yes," provide:
(1) Name of court: _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:   I am actually innocent of the Career Offender enhancement that rest on two prior State conviction (eg. Burglary as one predicate) that is not qualified under Mathis, and (2) I did not have an unobstructed procedural shot at presenting this claim.

11.  **Appeals of immigration proceedings**
Does this case concern immigration proceedings?
☐ Yes            ☑ No

If "Yes," provide:
(a) Date you were taken into immigration custody: _____
(b) Date of the removal or reinstatement order: _____
(c) Did you file an appeal with the Board of Immigration Appeals?
      ☐ Yes            ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1) Date of filing: _____
(2) Case number: _____
(3) Result: _____
(4) Date of result: _____
(5) Issues raised: _____

_____
_____
_____
_____

(d)    Did you appeal the decision to the United States Court of Appeals?
☐ Yes            ☐ No
If "Yes," provide:
(1) Name of court: _____
(2) Date of filing: _____
(3) Case number: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

_____
_____
_____

12.    **Other appeals**
Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
☐ Yes        ☑ No
If "Yes," provide:
(a) Kind of petition, motion, or application: _____
(b) Name of the authority, agency, or court: _____

(c) Date of filing: _____
(d) Docket number, case number, or opinion number: _____
(e) Result: _____
(f) Date of result: _____
(g) Issues raised: _____

_____
_____
_____

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

GROUND ONE: Nichols' Prior Burglary Conviction do not Qualify as § 4B1.1 Career Offender Predicate under Mathis, Descamps, and Allen v. Ives

(a) Supporting facts (Be brief. Do not cite cases or law.):
See Memorandum of Points and Authority in support, at page 4 to 9.

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes    ☑ No

GROUND TWO: Mathis and Descamps Retroactively Established that under the Categorical Approach, Nichols' burglary Convictions are not Offenses as defined in § 4B1.1

(a) Supporting facts (Be brief. Do not cite cases or law.):
See Memorandum of Points and Authority in support, at page 9

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes    ☑ No

GROUND THREE: Nichols did not have an unobstructed procedural shot at presenting the Claim earlier.

(a) Supporting facts (Be brief. Do not cite cases or law.):
See Memorandum of Points and Authority in support, at page 9 to 12

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes    ☑ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** Nichols is Actually Innocent of Section 4B1-1 Career Offender Enhancement

(a) Supporting facts *(Be brief. Do not cite cases or law.)*: See Memorandum of Points and Authority in Support, at page 12 to 13

(b) Did you present Ground Four in all appeals that were available to you?

☐ Yes    ☑ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: The grounds herein were never presented in all appeals available to me because the claims came fully to light by Mathis, which is not deemed retroactive in the Eight Circuit. Likewise, Allen v Ives was unavailable during appeal & 2255 period.

**Request for Relief**

15. State exactly what you want the court to do: Vacate sentence under Career Offender Provision and issue an Order for Resentencing absent the Career Offender Enhancement, and/or immediate Release.

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_6-2-2020_

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: _5-26-2020_                    X _Sean Nichol_
                                          _Signature of Petitioner_


                                          _Signature of Attorney or other authorized person, if any_

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

---

| | |
|---|---|
| SEAN MICHAEL NICHOLS, | Case No. _____ |
| Petitioner, | Crim. No. 1:14-cr-102 |
| | MEMORANDUM OF POINTS AND |
| vs. | AUTHORITY IN SUPPORT OF |
| | MOTION UNDER 28 USC § 2241 |
| WARDEN CIOLLI, USP ATWATER, | |
| Respondent. | |

---

COMES NOW, Sean Nichols (hereafter, "Nichols"), and respectfully moves this Court to grant a writ of habeas corpus on the grounds that he is actually innocent as a career offender.

Nichols request that this court construe his pleading liberally because he is not represented by an attorney. See Haines v. Kerner, 404 U.S. 519, 520-21 (1927). If the court finds his petition reasonably can be read to state a valid claim on which he can prevail, the court should do so despite any failure to cite proper legal authority, his poor syntax, and sentence construction, or his unfamiliarity with pleading requirements.

A.    History of Case

On September 23, 2014, Nichols pled guilty to bank

1

robbery in violation of 18 U.S.C. 2113(a). See Doc. Nos. 24 and 26. Prior to sentencing, the United States took the position that Nichols was a career offender, using a prior burglary conviction as one of the predicates. On January 26, 2015, he was sentenced to 151 months as a career offender. See Doc. Nos. 38 and 39. Nichols did not file a direct appeal. On June 13, 2016, Nichols filed a Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 in light of Johnson v. United States, 135 S. Ct 2551 (2015). See Doc. No. 42. On March 6, 2017, the United States Supreme Court held that Johnson does not apply retroactive to the United States Sentencing Guidelines and did not stand for the proposition that the residual clause therein was void for vagueness. See Beckles v. United States, 137 S. Ct. 886 (2017). Pursuant to the decision in Beckles, Nichols filed a motion to dismiss his § 2255 motion, which the district court granted on March 26, 2017. See Doc. No. 53.

On September 10, 2018, Nichols again filed a habeas petition claiming he was erroneously classified as a career offender. See Doc. No. 58. The Court denied the motion as untimely. See Doc. No. 62. Then on February 28, 2020, Nichols filed a Motion under the First Step Act's Compassionate Release or Reduction in Sentence provision, pursuant to 18 U.S.C. § 3582(c)(1)(A). See Doc. No. 64. The district court denied this motion on March 24, 2020. See Doc. No. 66. However, the district court denied the motion prior to Nichols having the opportunity to file a reply to the United States Response. Thereafter, Nichols filed a Motion for Reconsideration, submitting his Reply to the United States

2

Response. To present date, the court hasn't responded to his
Motion for Reconsideration.

B. Jurisdiction

This court has jurisdiction pursuant to 28 U.S.C. 1331
federal question, and 28 U.S.C. § 2241 (habeas corpus).

C.  Standard of Review

Nichols contends that: (1) he is "actually innocent" of
his career offender enhanced sentence under U.S.S.G. § 4B1.1;
(2) that the remedy provided by 28 U.S.C. § 2255 is
"inadequate or ineffective" to test his claim of actual
innocence; and (3) that the district court may therefore
entertain his § 2241 petition. Nichols' claim of actual
innocence is cognizable under § 2241 in light of Mathis v.
United States, 136 S. Ct. 2243 (2016), Descamps v. United
States, 570 U.S. 254 (2013), and Ninth Circuit recent decision
in Allen v. Ives, 950 F.3d 1184 (9th Cir. 2020). See also,
United States v. Stitt, 202 L. Ed. 2d 364 (2018)(addressing
burglary within the ACCA enumerated offenses definition).

As a general rule, "a motion under 28 U.S.C. § 2255 is
the exclusive means by which a federal prisoner may test the
legality of his detention[.]" Stephens, 464 F.3d at 897
(internal citations omitted). An exception to the general
rule, termed the § 2255(e) "escape hatch," permits a federal
prisoner to "file a habeas corpus petition pursuant to § 2241
to contest the legality of a sentence where his remedy under §

3

2255 is 'inadequate or ineffective to test the legality of his detention.'" Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000)(quoting § 2255(e)).

The Ninth Circuit has held that a remedy under § 2255 is inadequate where "the prisoner '(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012)(quoting Stephens, 464 F.3d at 898). Just recently, on February 24, 2020, the Ninth Circuit held that a person may be "actually innocent" of an erroneous mandatory career offender sentence, opening the door for relief under the savings clause. See Allen v. Ives, 950 F.3d 1184 (9th Cir. 2020).

Grounds for Relief

I. Nichols' Prior Burglary Conviction do not
   Qualify as § 4B1.1 Career Offender Predicate
   Under Mathis and Descamps

After Nichols pleaded guilty, the Probation Officer categorized him as a career offender. Both the Probation Officer and the United States took the position that Nichols prior State burglary conviction are qualifying predicate for the career offender enhancement.

However, because Arizona State burglary statutes (e.g., A.R.S. 13-1507, 13-603, 13-604, 13-701, 13-801, 13-804, and 13-811) as a whole "comprises multiple, alternative versions of the crimes," the statutes are divisible and subject to the

4

modified categorical approach. See Descamps, 133 S. Ct. at 2284. Accordingly, this court must identify from among several alternatives, the plea transcripts, and the sentencing transcripts, the crime of conviction, so the court can determine if Nichols' prior convictions are qualifying § 4B1.1 predicates. Id at 2285. Nichols contends that they are not in light of Descamps and Mathis categorical analysis. In sum, the burglary statutes sweeps much broadly than the enumerated offenses listed in § 4B1.1.

The Ninth Circuit applies a three-step analysis to determine whether a prior conviction under state law qualifies as a predicate drug trafficking offense under the federal sentencing guidelines. The first inquiry is whether the state law is a categorical match with a federal drug trafficking offense. See Taylor v. United States, 495 U.S. 575, 599-600, 109 L. Ed. 2d 607 (1990). At the first step, the courts look only to the "statutory definitions" of the corresponding offense. Id. at 600. If a state law "proscribes the same amount of or less conduct than" that qualifying as the list of enumerated offense, then the two offenses are a categorical match. United States v. Hernandez, 769 F.3d 1059, 1062 (9th Cir. 2014)(per curaim); see also Taylor, 495 U.S. at 599.

It is clear that burglary is no longer listed within § 4B1.1 enumerated offenses to support the career offender enhancement. However, seeing that Nichols was convicted and sentenced before burglary was removed from the list, the court must employ the categorical approach in this matter.

At the second step, the court would ask whether the state

5

burglary statute is a divisible statute which "sets out one or more elements of the offense in the alternative." Descamps v. United States, 133 S. Ct. 2276, 2281, 186 L. Ed. 2d 438 (2013). In Mathis, the Supreme Court reiterated the importance of the abstract comparison of elements, explaining that a statute is divisible only when it "list[s] elements in the alternative, and thereby define[s] multiple crimes." 136 S. Ct. at 2249. Mathis did not change the rule stated in Descamps; it only reiterated that the Supreme Court meant what it said when it instructed courts to compare elements. However, Mathis also instructed courts not to assume that a statute lists alternative elements and defines multiple crimes simply because it contains a disjunctive list. Id. Instead, Mathis instruct courts to consult "authoritative sources of state law" to determine whether a statute contains alternative elements defining multiple crimes or alternative means by which a defendant might commit the same crime. Mathis, 136 S. Ct. at 2256.

To determine whether Nichols' burglary convictions qualifies as a career offender predicate, the court must look to the statutory elements under which he was previously convicted, rather than the underlying conduct or facts giving rise to that conviction. United States v. Hollis, 490 F.3d 1149, 1157 (9th Cir. 2007), abrogated on other grounds by DePierre v. United States, 564 U.S. 70 (2011); accord U.S. v. Hernandez, 312 Fed. Appx 937, 939 (9th Cir. 2009)(unpublished).

This analysis requires a categorical comparison between the predicate offense of conviction, and the federal

definition of a career offender predicate listed within §
4B1.1 enumerated offenses, or § 4B1.1 definition of a crime of
violence. Thus the court would ask whether the statute of
conviction is a categorical match to the generic predicate
offense; that is, if the statute of conviction criminalizes
only as much (or less) conduct than the generic offense.
Medina-Lara v. Holder, 771 F.3d 1106, 1112 (9th Cir. 2014). If
there's no dispute on this matter between Nichols and the
United States, then the court must ask if the statute of
convictions comparatively overboard element is divisible.

If the commission of a burglary as charged in the state
statutes are divisible under Mathis, then the court may
proceed to the third step in the analysis and apply the
modified categorical approach. At this step, the court
examines judicially noticeable documents of conviction "to
determine which statutory phrase was the basis for the
conviction." Descamps, 133 S. Ct. 2285; Shepard v. United
States, 544 U.S. 13, 16, 161 L. Ed. 2d 205 (2005).

Nichols hereby contends that his prior burglary offenses
are not qualifying predicates under § 4B1.1 in light of
Descamps, and Mathis, making him actually innocent for the
career offender enhancement in consistent with Allen v. Ives,
950 F.3d 1184 (9th Cir. 2020).

Nichols contends that the state burglary statutes sweeps
more broadly than the definition of crime of violence in §
4B1.2(a) and the removed residual clause of § 4B1.2. As held
in Moncrieffe v. Holder, "courts must presume that the
[defendants'] convictions rested upon nothing more than the
least of the acts criminalized, and then determine whether

7

even those acts are encompassed by the crime of violence
definition." 569 U.S. 184, 190-91 (2013). Applying the
framework to this case, the court should compare the scope of
Nichols' conduct covered by the elements of the State burglary
statutes with the definition of "crime of violence" in
U.S.S.G. § 4B1.2. Seeing that there's no telling which clause
the district court relied on for its career offender sentence,
Nichols submits that the court use the "more than likely"
standard that the district court relied on the residual
clause. Section 4B1.2(a) limits its force to a person, while
burglary can be committed without the use of force against a
person. In particular, § 4B1.1(a) provides the qualifications
for career offender enhancement. It provides: A defendant is a
career offender if he meets three criteria: (1) he is at least
18 at the time of the offense of conviction; (2) the "offense
of conviction is a felony that is either a crime of violence
or a controlled substance offense"; and (3) "the defendant has
at least two prior felony convictions of either a crime of vio
lence or a controlled substance offense." Id. The Guidelines
define "crime of violence" to mean "any offense under federal
or state law, punishable by imprisonment for a term exceeding
one year," that either (1) "has an element the use, attempted
use, or threatened use of physical force against the person of
another"--a definition known as the elements clause--or (2) is
one of a number of listed offenses in the "enumerated offense
clause," which pre-Amendment 798, included burglary.

Thus, in this case, the court must examine whether
Nichols' burglary offenses satisfies the Guidelines' "crime of
violence" definition under either clause. Nichols submits that

at present time in light of Descamps, Mathis, and even Amendment 798, his prior burglary offenses do not satisfy the Guidelines definition of "crime of violence." The burglary statutes under which Nichols was convicted, can be violated without the use of physical force against the person of another. And if this court exercise its inherent authority to assess the prior convictions in light of Mathis and Amendment 798, it will also conclude that Nichols is actually innocent of the career offender enhancement.

> II. Mathis and Descamps Retroactively Established that Under the Categorical Approach, Nichols' Burglary Convictions are not Offenses as Defined in § 4B1.1

Nichols contends that Mathis v. United States, 136 S. Ct. 2243 (2016), and Descamps v. United States, 570 U.S. 254 (2013), retroactively established that under the categorical approach of Taylor v. United States, 495 U.S. 575 (1990), his prior burglary convictions are not predicate offenses within § 4B1.2(a)'s elements clause or § 4B1.2(b) enumerated offenses, and therefore he is actually innocent of being a career offender. On this basis, Nichols is requesting resentencing without the career offender enhancement.

> III. Nichols did not have an Unobstructed Procedural Shot at Presenting the Claim Earlier

When deciding whether a petitioner has had an

9

"unobstructed procedural shot," the courts consider: (1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008). If an intervening court decision after a prisoner's direct appeal and first § 2255 "effects a material change in the applicable law [,]" then the prisoner did not have an unobstructed procedural shot to present his claim. Alaimalo, 645 F.3d 1042, 1047 (9th Cir. 2011).

Nichols did not have an unobstructed procedural shot at presenting his claim of actual innocence because it was foreclosed by existing precedents at the time for his direct appeal and his first section 2255 motion. Under Eight Circuit law at that time of his § 2255 motion, Descamps and Mathis was unavailable to be applied categorically to States burglary sta tutes. Moreover, the Eight Circuit did not allow prisoners to invoke the savings clause on a challenge of actual innocence for a sentencing enhancement.

After Mathis' decision, the Ninth Circuit begin to apply the categorical approach to States statutes as these convictions relates to enhanced-penalties. See United States v. Martinez-Lopez, 864 F.3d 1034; United States v. Ocampo-Estrada, 873 F.3d 661 (9th Cir. Apr. 4, 2017); United States v. Mapuatuli, 762 Fed Appx 419 (9th Cir. Feb 13, 2019); and United States v. Graves, 925 F.3d 1036 99th Cir. 2019). Based on the Supreme Court's decisions in Descamps and Mathis, and Ninth Circuit's most recent decision in Allen v. Ives, Nichols

is now able to argue that (1) the categorical approach should apply to his prior burglary convictions that were used to seek the career offender enhancement, (2) his prior burglary convictions are not categorically "violent crimes" under § 4B1.2(a), and (3) he's actually innocent of the career offender enhancement that rested on priors that are not qualified predicates. The legal basis for this argument arose only after Nichols appeal period ends, and after the period for his first § 2255 motion had expired.

The Ninth Circuit have held that the decisions in Descamps and Mathis do not meet the standard for a second or successive § 2255 motion because they interpreted federal statutes, not the Constitution. See Arazola-Galea v. United States, 876 F.3d 1257, 1259 (9th Cir. 2017; Ezell v. United States, 778 F.3d 762, 766 (9th Cir. 2015). Because Nichols claim under Descamps and Mathis "did not become available until after the Ninth Circuit denied direct appeal and § 2255, and because that claim does not satisfy the criteria of § 2244 for a second or successive § 2255 motion, Nichols has not had (and, indeed, will never get), an opportunity to present his claim in a § 2255 motion that his prior burglary convictions are not qualifying predicates under the standard in Descamps and Mathis. Stephens, 464 F.3d at 898. Thus, Nichols has not had an unobstructed procedural shot at presenting his actual innocence claim.

A. Retroactivity of Descamps and Mathis

The Ninth Circuit held, "[O]ur holding that Allen has

11

made a cognizable claim of actual innocence, and that he did
not have an unobstructed procedural shot at presenting that
claim resolves the question of statutory jurisdiction in this
case." Allen v. Ives, Id. "We take the opportunity to clarify
that Mathis and Descamps apply retroactively when a court
reviews a criminal judgment in the course of addressing a §
2241 petition or a first § 2255 motion." A rule is substantive
rather than procedural if it alters the range of conduct or
the class of persons that the law punishes. Welch v. United
States, 136 S. Ct. 1257, 1264-65 (2016)(quoting Schriro v.
Summerlin, 542 U.S. 348, 353 (2004)).

In sum, the Ninth Circuit held that Mathis and Descamps
alters "the range of conduct ... that the law punishes" and
not "only the procedures used to obtain the conviction."
Welch, 136 S. Ct. at 1266. Further, the Court held, "[w]e have
previously recognized that decisions that alter the
substantive reach of a federal statute apply retroactively in
§ 2241 proceedings under the escape hatch." Id. See also
Alaimalo, 645 F.3d 1042. The Supreme Court's decisions in
Mathis and Descamps therefore will apply retroactively to a
review of Allen's sentence on remand. Accordingly, Mathis and
Descamps alters the range of conduct that § 4B1.1 punishes,
thus creating a material effect in Nichols case that warrants
relief under the savings clause.


   IV. Nichols is Actually Innocent of Section
       4B1.1 Career Offender Enhancement


In Allen v. Ives, the Ninth Circuit posed the question in

this way: "Whether a petitioner who committed a crime that is not a predicate crime may challenge his career offender status under § 2241?" The Court clearly indicated that, because Allen's prior conviction did not qualify that he could be deemed actually innocent of it being a predicate offense for federal sentencing purposes. The Court held that Allen being sentenced under the mandatory career offender guideline was no different from being sentenced under a statute, citing Alleyne v. United States, 570 U.S. 99 (2013), in which the Supreme Court held that a fact that increases the mandatory minimum sentence as an "element" of the offense that must be found by a jury. Precisely, that is exactly what the career offender enhancement did in Nichols' case--requiring a harsher sentence in violation of due process of law, namely, a sentence being scrutinized under the light of Descamps and Mathis. As the Ninth Circuit suggested in Allen, this was a violation of Alleyne. Accordingly, Nichols has made a cognizable claim to invoke the savings clause, and contends that he is actually innocent for the career offender enhancement.

A.  Judicial Consideration of Amendment 798

Nichols also request that this court take into consideration Amendment 798, which solidifies even more, that his prior burglary convictions are not qualified predicates to uphold his career offender enhanced sentence. With the passage of Amendment 798, the Commission concluded that burglary is no longer a predicate in § 4B1.1 list of enumerated offenses. The Commission also removed the so-called residual clause under

13

which, Nichols' burglary offenses fell. Under the now
Amendment 798 (though it was not deemed retroactive), Nichols
would no longer be categorized as a career offender. See e.g.,
United States v. Frates, 896 F.3d 93 (1st Cir. 2018).

In Frates, the First Circuit addressed the defendant's
career offender enhancement as it relates to burglary. The
Court held, "this is a peculiar moment in the history of the
Sentencing Guidelines and a quirk for defendant." The First
Circuit acknowledged that the district court did not err when
it sentenced Frates as a career offender under the guidelines
in effect at the time of his sentencing. However, because the
district court was not aware of amendment 798, the First
Circuit concluded that Frates' sentence should be vacated to
allow the district court to consider the Commission's revised
policy under the Amendment. But see also United States v.
Graves, 925 F.3d 1036 (9th Cir. 2019)(When the district court
re-sentences Graves, it may also consider what effect, if any,
the recently enacted First Step Act has on his sentence). See
Pub. L. No. 115-391, § 401(a), 132 Stat. 5194 (Dec. 21,
2018).

V.   The Writ Should be Granted Under the Ex Post Facto
     Clause and Peugh v. United States

The phrase, "ex post facto" was a term of art with an
established meaning at the time of the framing. The definition
that the term has required in English common law includes: (1)
every law that makes an action done before the passing of the
law, and which was innocent when done, criminal, and punishes

such action; (2) every law that aggravates a crime, or makes it greater than it was, when committed; (3) every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed; and (4) every law that alters the legal rules of evidence, and receives less, or different, testimony, than the new law required at the time of the commission of the offense, in order to convict the offender. Peugh v. United States, 569 U.S. 530 (2013).

Amendment 798 eliminated a subclause that was used to determine whether Nichols' burglary convictions are qualifying predicates under § 4B1.1. Amendment 798 also eliminated the term "burglary" from § 4B1.2's enumerated offenses [after] Nichols was sentenced under that provision that considered his prior burglary offenses. Thus, after Amendment 798 was enacted, the legal rules of evidence was altered for the purpose of § 4B1.1, § 4B1.2(b). The Supreme Court has rejected the proposition that a law must increase the maximum sentence that a defendant might be sentenced to in order to violate the Ex Post Facto Clause. See Lndsey v. Washington, 301 U.S. 397 (1037); see also Peugh, 133 S. Ct. at 2086 (citing Lindsey, 301 U.S. at 402)(Noting that precedents of the Supreme Court "firmly established that changes in law need not bind a sentencing authority in order to violate the Ex Post Facto Clause.").

The Ex Post Facto Clause covers actions beyond those that are purely legislative and includes regulatory acts such as promulgating Guidelines amendments and policy statements.

In Nichols' case, the United States secured its career

15

offender enhanced sentence with § 4B1.2(b) and at a time that burglary was listed as one of the enumerated offenses. However, Amendment 798 changes that scope of the career offender provision, but Nichols' enhanced sentenced which relied upon the previous § 4B1.2(b) and enumerated list remains intact. This is indeed a violation of the ex post facto clause.

Conclusion

WHEREFORE, Petitioner Sean Nichols respectfully petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and other relief challenging his career offender enhancement as being actually innocent of such enhancement in light of Descamps, Mathis, and Allen v. Ives.

DATED this _26_ day of May, 2020.

Respectfully submitted,

_Sean Nichols_

Sean Michael Nichols

## ATTACHMENT A

**GROUND FIVE:** The Writ Should be Granted Under the Ex Post Facto Clause and Peugh v. United States

See Memorandum of Points and Authority in Support, at page 14 to 16.