UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN MICHAEL NICHOLS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN CIOLLI, USP Atwater<br><br>Respondent. | Case No. 1:20-cv-00785-NONE-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 18) |

Petitioner, Sean Michael Nichols (Petitioner or Nichols), is a federal prisoner proceeding on his *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 constructively filed on June 2, 2020[1] while incarcerated in Atwater Penitentiary, located in Merced County, California and within the venue and jurisdiction of this Court. (Doc. No. 1, Petition). Respondent filed a Motion to Dismiss the Petition in response on February 12, 2021. (*See generally* Doc. No. 18, Motion). Despite being directed file a response to the motion to dismiss within twenty-one days of service of the response, Petitioner elected not to file a response. (*See* Doc. No. 4 at 2, ¶ 5). For

---

[1] The Court applies the "prison mailbox rule" to *pro se* prisoner petitions, deeming the petition filed on the date the prisoner delivers it to prison authorities for forwarding to the clerk of court. *See Saffold v. Newland,* 250 F.3d 1262, 1265, 1268 (9th Cir.2000), *overruled on other grounds, Carey v. Saffold,* 536 U.S. 214 (2002).

the following reasons, the undersigned recommends Respondent's Motion be granted, and the Petition be dismissed.[2]

## I. BACKGROUND

Nichols, a federal prisoner, is serving a 151-month sentence for his 2014 plea-based conviction for bank robbery in violation of 18 U.S.C. § 2113(a) entered by the U.S. District Court for the District of North Dakota ("DND"). *See U.S. v Nichols*, Case No. 1:14-cr-00102-DLH-1 (D.N.D. Jan. 26, 2015), Crim. Doc. No. 26[3]; (Doc. No. 1 at 1, 9-10). At sentencing, the United States argued that Nichols was a career offender under the United States Sentencing Guidelines ("USSG") § 4B1.1. due to Nichols' prior Arizona state bank robbery[4] and burglary convictions. *Nichols*, No. 1:14-cr-00102-DLH-1 at Crim. Doc. No. 33 at 1-2. The trial court calculated Petitioner's offense level at 29, after a three-level reduction for acceptance, a criminal history category VI, and a sentencing guideline range of 151-188 months. (Doc. No. 18-1 at 111; Cr, Doc. 57 at 6). The Government asked the court to impose a 168-month sentence. (Doc. No 18-1 at 112; Cr. Doc. No. 57 at 7). Defense requested, but the trial court chose not to grant, a downward variance to Nichols' sentence. (*Id*. at 120). During sentencing, the trial court noted this was Nichols' third bank robbery and imposed a sentence of 151-months, which was "at the low end of the advisory sentencing guidelines." (Doc. No. 18-1 at 119-120). Nichols did not file a direct appeal. (Doc. No. 1 at 10).

On June 13, 2016, Nichols moved to correct his sentence under 28 U.S.C. § 2255 claiming *Johnson v. United States,* 135 S. Ct. 2551 (2015) invalidated his career offender status. *Nichols*, No. 1:14-cr-00102-DLH-1, Crim. Doc. No. 42-1. Nichols voluntarily dismissed his § 2255 motion in light of the Supreme Court's holding in *Beckles v. United States*, 137 S. Ct. 886 (2017).[5] *Id.*, Crim. Doc. No. 52. On September 10, 2018, Nichols filed a second § 2255 Motion

---

[2] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

[3] The undersigned cites to the record in Nichols' underlying DND criminal case as "Crim. Doc. No. _."

[4] Nichols actually had two state bank robbery convictions in addition to this burglary of an occupied dwelling. (Doc. No. 18-1 at 111).

[5] In *Beckles v. United States*, 137 S. Ct. 886 (2017), the Supreme Court held "that *Johnson* does not apply retroactively to the United States Sentencing Guidelines and did not stand for the proposition that the

reasserting his previously withdrawn *Johnson* claim. *Id.*, Crim Doc. Nos. 58, 59. The DND dismissed the § 2255 motion as time barred. *Id.*, Crim. Doc. No. 62. On February 28, 2020, Petitioner moved for a reduction of his sentence under the First Step Act. *Id.*, Crim. Doc. No. 64. The DND denied Petitioner's motion and his motion for reconsideration. *Id.*, Crim. Doc. Nos. 66, 69.

Although enumerated as four separate grounds, the Petition raises only one ground for relief: Because Nichols' prior burglary conviction does not qualify as a crime of violence under § 4B1.1 under *Mathis v. United States*, 136 S. Ct. 2243 (2016), *Descamps v. United States*, 570 U.S. 254 (2013), and *Allen v. Ives*, 950 F.3d 1184 (9th Cir. 2020), Nichols is actually innocent of the career offender enhancement. (*Id.* at 6-7). Petitioner argues § 2255 is inadequate and he was otherwise unable to previously present his claims in his previous § 2255 motions because *Mathis* has not been deemed retroactive by the Eighth Circuit and *Allen* was decided after the statute of limitations ran on his § 2255 motion. Thus, Nichols argued he did not have an unobstructed procedural shot to present his claim.

## II.  APPLICABLE LAW AND ANALYSIS

Although brought under the guise of § 2241, Nichols challenges the legality of his sentence, which is properly brought via a § 2255 petition in the DND court of conviction. A § 2241 petition is reserved for federal prisoners challenging "the manner, location, or conditions of a sentence's execution." *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). Federal prisoners seeking to challenge the legality of their confinement must do so through a § 2255 motion. *See Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). In limited circumstances, federal prisoners may challenge the legality of their confinement through a § 2241 petition by utilizing the so-called "savings clause" or "escape hatch" provision of § 2255(e). *Id.* at 1192. This portal permits a federal prisoner to challenge the legality of confinement if he can establish that the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). To demonstrate a remedy is "inadequate or ineffective" a

---

residual clause therein was void for vagueness." *Id.*

petitioner must: (1) make a claim of actual innocence, and (2) not had an "unobstructed procedural shot at presenting that claim." *Shepherd v. Unknown Party, Warden, FCI Tucson*, No. 19-15834, __ F. 4th __, 2021 WL 3085784 *1 (9th Cir. July 22, 2021). A prisoner cannot circumvent the limitations imposed on successive petitions by restyling his petition as one under § 2241. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (petitioner attempted to circumvent AEDPA's successive motion provisions by bringing § 2255 claims in a § 2241 petition).

A factual claim of actual innocence requires a petitioner to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Stephens*, 464 F.3d at 898 (citing *Bousley v. United States*, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)). Nichols does not dispute the validity of his underlying plea-based conviction for bank robbery. Even if Nichols did advance such a claim, his attempt would fail. Nichols pled guilty to his crime of conviction. Therefore, any claim of actual innocence is fully inconsistent with his plea of guilty, which is entitled to a strong presumption of truth. *See Muth v. Fondren*, 676 F.3d 815, 821-22 (9th Cir. 2012) (finding that petitioner was not entitled to application of the § 2255 escape hatch where his claim of actual innocence was contradicted by his guilty plea); *see also Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant [at a plea hearing] . . . constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity.");*United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008) ("Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea."). Therefore, Nichols has failed to show that he is factually innocent of his crime of conviction.

Instead, Nichols argues he is actually innocent of his career offender status because one of his predicate offenses no longer qualifies as crime of violence under current caselaw. (Doc. No. 1 at 17). Specifically, Nichols argues that "his prior burglary convictions are not predicate offenses within [USSG] § 4B1.2(a)'s elements clause or § 4B1.2(b) enumerated offenses. Nichols relies on *Allen v. Ives* in making his claim of innocence. 950 F.3d 1184; (Doc. No. 1 at 12). In *Allen*, the Ninth Circuit found the petitioner stated a claim of actual innocence and qualified for escape

hatch jurisdiction under § 2255(e) because his federal sentence was enhanced under the career offender provisions of USSG §§ 4B1.1 and 4B1.2, due to his underlying state-level controlled substance convictions.  Petitioner Allen had been sentenced under the pre-*Booker*[6] mandatory sentencing framework in effect at the time of his sentencing.  Petitioner Allen argued because one of his underlying convictions was not a predicate crime for career offender status under newly decided and retroactive Supreme Court case law (*Mathis*, 136 S. Ct. 2243 and *Descamps*, 570 U.S. 254), he was actually innocent of being a career offender.  The Ninth Circuit agreed, concluding that if petitioner's predicate conviction for career offender status under the mandatory sentencing guidelines no longer qualified as such, then the factual predicate for petitioner's mandatory sentencing enhancement did not exist.

However, in *Shephard* the Ninth Circuit limited its holding in *Allen* to petitioners who "received a mandatory sentence under a mandatory sentencing scheme." 2021 WL 3085784, at *3.  Here, unlike *Allen*, Nichols was sentenced within a sentencing range set forth by the advisory sentencing guidelines, not the mandatory sentencing scheme.  (*See* Doc. No. 18-1 at 119-120).  Thus, Nichols cannot show that he is actually innocent of his career offender status; and thus, he fails to make a claim of actual innocence as required by the escape hatch provision of § 2255(e).

Because Nichols has failed to demonstrate he is actually innocent, the Petition fails as a matter of law.  Accordingly, the Court need not address the "unobstructed procedural shot" prong of the escape hatch.  *See Renderos v. Langford*, No. 2:17-CV-09213-CAS, 2019 U.S. Dist. LEXIS 69704, at *11-12 (C.D. Cal. Apr. 24, 2019); *Nguyen v. Babcock*, No. 2:11-cv-2516 EFB P, 2012 U.S. Dist. LEXIS 122458, at *4 (E.D. Cal. Aug. 27, 2012) ("The court need not address whether petitioner had an unobstructed procedural shot at pursuing his claim because, even assuming that he did not, he has failed to show that he is actually innocent.").  Based on the foregoing reasons, the Court recommends that Nichols' § 2241 Petition be denied.

Accordingly, it is **RECOMMENDED**:

1. Respondent's Motion to Dismiss (Doc. No. 18) be GRANTED.

---

[6] *U.S. v. Booker*, 543 U.S. 220 (2005).

5

2. The Petition (Doc. No. 1) be DISMISSED.

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  A response to any Objections must be file within fourteen (14) of the date of service of the Objections.  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     August 12, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE